**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:11-cv-263**
**(3:01-cr-104-4)**

**MISAEL SANDOVAL DELGADO,** )
)
**Petitioner,** )
)
**v.** )
) **ORDER**
**UNITED STATES OF AMERICA.** )
)
**Respondent.** )
)

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255.[1] (Doc. No. 1). For the reasons that follow, the motion will be dismissed.

## I. BACKGROUND

On May 14, 2004, Judgment was entered sentencing petitioner to ten years' imprisonment for drug offenses and five consecutive years for a violation of 18 U.S.C. § 924(c). (Doc. No. 205: Amended Judgment). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed the conviction and sentence. United States v. Sandoval, 148 F. App'x 166 (4th Cir. 2005). It does not appear that Petitioner sought writ of certiorari from the Supreme Court; therefore, the Judgment became final on or about December 14, 2006.

[1] Petitioner initially filed his motion under 28 U.S.C. § 2241, thinking it to be a second and successive motion, (Doc. No. 1: Motion at 1, 18), as he was previously granted relief under § 2255 based on an allegation his attorney failed to file an appeal when requested to do so, (Case No. 3:01-cr-104, Doc. No. 203: Order at 1). In response to this Court's notice pursuant to Castro v. United States, 540 U.S. 375 (2003), (Doc. No. 5), Petitioner requested that the instant motion be considered under § 2255, (Doc. No. 6: Response at 1).

Clay v. United States, 537 U.S. 522, 532 (2003). On April 12, 2011, Petitioner filed the instant § 2255 motion.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After examining the motion the Court finds Petitioner is clearly not entitled to relief.

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's Judgment became final on or about December 14, 2006, when time expired to seek review by the Supreme Court. Although the motion was not filed until more than four

years later, Petitioner asserts his motion is timely under § 2255(f)(3) because it was filed within a year of Abbott v. United States, 131 S. Ct. 18 (2010). (Doc. No. 6: Response at 1, 4).

Petitioner, however, provides no legal authority to show that this decision recognized a new right made retroactively applicable to cases on collateral review. In fact, the outcome of that case is squarely against Petitioner's argument that he should not have received a consecutive sentence for the § 924(c) violation. see, e.g. United States v. Perry, 429 F. App'x 287, 291-92 (4th Cir. 2011) (discussing Abbott and rejecting the defendant's argument against consecutive firearms sentence because he was already subject to a ten-year mandatory drug sentence).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion, (Doc. No. 1), is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 21, 2013

Robert J. Conrad, Jr.
United States District Judge